[NOT FOR PUBLICATION–NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 99-2072

UNITED STATES,

Appellee,

v.

JULIO QUINONES-MELENDEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Salvador E. Casellas, U.S. District Judge]

Before

Torruella, Chief Judge,
Boudin and Lipez, Circuit Judges.

Norberto Colon on brief for appellant.
Guillermo Gil, United States Attorney, Jorge E. Vega-Pacheco, Assistant United States Attorney, and Nelson Perez-Sosa, Assistant United States Attorney, on brief for appellee.

July 13, 2000

**Per Curiam**.    After a thorough review of the record and of the parties' submissions, we affirm.

Because appellant Julio Quiñones Meléndez ("Quiñones") did not object below to the sentencing court's findings regarding drug quantity or his role in the offense, those arguments are forfeited.  See United States v. Bayes, 210 F.3d 64, 67 (1st Cir. 2000); Fed. R. Crim. P. 52(b). Even if they had not been forfeited, they are without merit. Quiñones admitted under oath at the Rule 11 hearing that he was guilty of the charge of conspiring to possess more than five kilograms of cocaine, so we see no clear error in the court's decision to credit those sworn admissions.  See United States v. Marrero-Rivera, 124 F.3d 342, 354 (1st Cir. 1997).

As for his role in the offense, this court would only review for clear error, and we see none.  See United States v. Ortiz-Santiago, 211 F.3d 146, 148-49 (1st Cir. 2000).  Quiñones agreed that the adjustment for a "minor" role under U.S.S.G. § 3B1.2(b) should apply; and because the government agreed to understate the quantity of drugs for which Quiñones was to be held responsible, the sentencing court was entitled to deny him a more generous role in the offense adjustment.  Id. at 149.

Quiñones also complains that he has not been assigned to serve his sentence in a rehabilitation camp, despite the recommendation of the sentencing court.  But the authority to assign prisoners to particular facilities lies solely with the Bureau of Prisons.  <u>See</u> 18 U.S.C. § 3621.

<u>Affirmed.</u>  1st Cir. Loc. R. 27(c).